OPINION Muedoce:, Judge: The Commissioner in the deficiency notices stated that amortization under section 187 is not allowable with respect to the cost of the location contracts because they “are of such an indefinite character that no probable useful life can be determined.” The evidence shows the error of that reasoning. The unrefuted testimony is that each written contract or lease was for a definite period of years stated in the contract, could be enforced at law by either party for those years but for those years only, and carried no provision for or promise of renewal. Also it is clear that the entire value of each contract expired as those years elapsed and no goodwill was involved. As the term of each contract expired, the partnership could only negotiate for a new contract to replace the old one. It had to agree upon and pay a new consideration for a new contract. In that negotiation the partnership was open to strong competition and the most important consideration was the amount it would offer to pay for a new contract. Thus it seems clear that these contracts were wasting assets and in order to compute the partnership annual profit from the operation of the machines in their locations during the life of the contracts permitting them to operate in those locations, the proportionate costs of the contracts for the locations for the year, would have to be deducted from the gross sales of the machines for the year. Sec. 167,1.ICC. 1954. Cf. Commissioner v. Seaboard Finance Co., 367 F. 2d 646, affirming a Memorandum Opinion of this Court; Patterson v. The Birmingham News Co., 345 F. 2d 531; United Benefit Life Insurance Co. v. McCrory, 242 F. Supp. 845.[1] The contracts for the location of the vending machines are leases of space and the costs of those contracts are rent. Counsel for the Commissioner conceded at the trial that the cost of a single contract paid directly to the owner of the space thus obtained for a stated period of years would be deductible in full over the period covered by the contract. Here a number of such contracts were obtained by the partnership by its payments, to the owners of the contracts, of amounts herein stipulated. The method of computing and the amount of depreciation, if the contracts are subject to depreciation, have been agreed upon by the parties hereto. No reason why they are not subject to depreciation appears in this case and on this issue the decision herein is for the petitioners. Decisions will be entered under Rule 50. The costs of the contracts here involved are in addition to and unrelated to any commissions of so much per package of cigarettes sold by a vending machine which are payable to the owner of a location under the contracts now under consideration, and cases relating to such commissions are not in point. Other cases cited by the Commissioner but not mentioned in this opinion involved facts not here present and are clearly not determinative of this case.